### AUTOMATIC RECORDING SAFE CO. v. SAVINGS LOAN & TRUST CO.

(District Court, W. D. Wisconsin. June 7, 1915.)

No. 3.

PATENTS ☞328—INFRINGEMENT—RECORDING COIN SAFE.

The Fisher patent, No. 793,779, for a recording safe for holding coins, claims 6 and 7, *held* infringed.

In Equity. Suit by the Automatic Recording Safe Company against the Savings Loan & Trust Company. On final hearing. Decree for complainant.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., for complainant.

Richmond, Jackman & Swansen, of Madison, Wis., and Thomas F. Sheridan, of Chicago, Ill, for defendant.

SANBORN, District Judge. Infringement suit on claim 4, Thompson patent, No. 758,340, claims 1, 5, 6, and 7, Fisher patent No. 793,779, claims 2 and 6, Fisher, No. 990,534, and claims 1, 2, 3, and 5, Fisher, No. 1,072,709.

This case is quite similar to the Chicago case of Automatic Recording Safe Co. v. Bankers' Registering Safe Co., 224 Fed. 506, decided herewith; the claims of the first Fisher patent involved in that suit including those sued on in this. Claim 8, held infringed in that suit, is not included by reason of differences in details of construction. There is no question of trade-mark or unfair trade.

For the reasons given in the Chicago case in respect to the spacing apart of the walls of the coin compartments it is not necessary to decide on claims 1 and 5. Claims 6 and 7 follow: In a savings bank: (1) The combination with a *circular base,* of (2) a plurality of vertical flanges supported above the base. (3) And spaced apart to form compartments for the coins. (4) Walls uniting the inner edges of adjacent flanges. (5) Said walls forming a central compartment. (6) A cover comprising a surrounding side wall, and top united thereto, and adapted to inclose the base and flanges thereon. (7) Means for detachably securing said cover to the base. (8) Said cover having slots therethrough communicating with the compartments between the flanges and said central compartment, (9) and inwardly yielding plungers carried by the cover, and normally obstructing the slots leading to said compartments. The ninth element is not contained in claim 6.

Defendant's bank is made under the Stone patent of December 12, 1911. Instead of being of circular or elliptical form, like the Fisher bank, it is an oblong cube. It has the same mode of operation as Fisher, and answers all the elements of the two claims quoted, except the circular base, and the central compartment extends to one side of the rectangular base. The shape of the two devices in no way affects the new mode of operation invented by Fisher, so that defendant's square base may be considered the equivalent of the circular base of Fisher, and the partly central compartment the equivalent of his central compartment. These points are mere details, not affecting the real invention. The other patents sued on are not infringed.

There should be a decree sustaining all the patents in suit, that the first Fisher patent, claims 6 and 7, are infringed, and the others not, and ordering an injunction and accounting as prayed, without costs for or against either party.